AYRES, Judge.
This is one of the companion cases of Dowden v. State of Louisiana, La.App., 81 So.2d 48, and, for the reasons therein assigned, defendant should respond in damages for whatever injuries, pain and suffering plaintiff sustained.
Plaintiff is a barber by trade. On the night of the accident he was one of four in a coupe and was riding on the right-hand, outside of the car seat, on which side the car landed in the creek, with the weight of the other occupants thrown upon him. Plaintiff sustained injuries to his left shoulder, lower back and leg. He returned to work at Camp Polk after eight weeks following the accident.
Soon after the accident Dr. M. S. Stephens of Hornbeck examined plaintiff and continued to treat him until the day of trial. Immediately following the accident, this witness, who seemingly made no record of the result of his examination, recalled, however, that the plaintiff was badly bruised and shaken up and later he observed that the inner end of the left clavicle bone was detached or broken loose from the sternum, or breast bone, which, on raising the arm, produced pain. Prior to that time plaintiff had no such injury, neither was he nervous prior to the accident. Plaintiff continually complained to the doctor of nervousness and pain, for which he was given sedatives.
Dr. W. E. Reid, as plaintiff’s family physician, operated upon plaintiff for a ruptured appendix about two years before the trial. This witness likewise testified of plaintiff’s complaints as to nervousness and pain, stating that the pains in his left shoulder possibly could be attributed to his occupation.
Dr. Donald F. Overdyke, Jr., found a. congenital abnormality of the lumbosacral spine and that there was no positive objective finding to support plaintiff’s complaint of pain in his left shoulder. Hia. examination, however, was made some nine years following the accident and he was not prepared or in position to testify that plaintiff was suffering from difficulties brought on by the accident.
Dr. O. L. Sanders, who first examined the plaintiff January 25, 1945, found a contusion to. the lumbar area of his back, with muscle spasms.
Dr. Boyce, who testified on behalf oi the defendant, from an examination made *58 by him in 1952, corroborated the findings of Dr. Stephens as to the broken collar bone. Dr. Stephens testified that this break was due to trauma, while Dr. Boyce was of the opinion that it might have 'been congenital or it might have been traumatic in origin. It is not suggested anywhere that plaintiff had such condition previous to the accident, and a reasonable conclusion from the evidence is that such condition was caused and produced by the accident. Too, it has been satisfactorily established that plaintiff has suffered pain and discomfort and a permanent impairment of the use of his left shoulder and arm. As a barber by trade, it is evident that the constant use of his arm and shoulder, with a broken support, is sufficient to produce’ pain and nervousness, constántly wearing down his resistance. Such was the opinion of the experts testifying on behalf of plaintiff. The consensus of” opinion of his witnesses was that plaintiff additionally suffered a back injury, a herniated disc with spasms, of the lumbar muscles and tenderness along the course of the sciatic nerve of his left leg.
In the absence of any showing of a previous .existence of the ailments complained of by plaintiff and a showing of their existence following the accident, the consensus of the opinion of the experts is that such could follow and result from the accident. The conclusion, therefore, is inescapable under the proof, facts and circumstances of this case that such ailments were brought about and/or aggravated by the injuries sustained in the accident. We are not,’however, of the opin-ión that such difficulties are as severe or impair ' plaintiff’s ability to perform the duties ’of his occupation as he imagines or contends. He should, however, be compensated for the injuries suffered and disabilities sustained as the result of the accident.
A careful consideration of the entire record leads to the conclusion that an award of $3,000 would be neither excessive nor inadequate, and, accordingly, the judgment will be so amended.
For the reasons assigned, the judgment appealed is amended by increasing the award to $3,000, and, as thus amended, is affirmed.
Amended and affirmed.